**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| NAIN GALVAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-03617-TWP-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

This matter is before the Court on Petitioner Nain Galvan's ("Galvan") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Dkt. 1.) Galvan challenges his conviction and sentence arguing in part that his counsel was ineffective for failing to file a notice of appeal when asked to do so. Because it is undisputed that Galvan asked counsel to appeal, his § 2255 motion is **granted**, and he will be given the opportunity to appeal.

**I. LEGAL STANDARD**

A motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974).  A court may grant relief from a federal conviction or sentence under § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II.   FACTUAL BACKGROUND

Galvan was charged by Indictment with one count of being an alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5) in February 2018. *United States v. Galvan*, 1:18-cr-00031-TWP-TAB-1 ("Crim. Dkt"), (Dkt. 1). Later that year, he filed a petition to plead guilty. (Crim. Dkt. 28.) Galvan's guilty plea was an open plea; it was not the result of a plea agreement with the United States. *Id.*; *see also* Crim. Dkt. 50 at 4-5.

On February 7, 2019, the Court conducted a change of plea hearing and accepted Galvan's guilty plea. (Crim. Dkt. 34 (minute entry); Crim. Dkt. 50 (transcript).) At the hearing, the Court informed Galvan that the elements of the offense were as follows: (1) he knowingly possessed the firearm identified in the Indictment; (2) that firearm traveled in interstate commerce; (3) he was illegally or unlawfully in the United States at the time of his possession of the firearm; and (4) he possessed the firearm in the Southern District of Indiana. Crim. (Dkt. 50 at 12.) Galvan indicated that he understood these elements. *Id.* at 12-13.

The United States established a factual basis for the offense, including that Galvan had not been legally or lawfully admitted into the United States, and Galvan admitted the truth of that factual basis. *Id.* at 17-24. The Court accepted the factual basis and Galvan's guilty plea, finding that his plea was "knowing, voluntary, and supported by an independent basis in fact that contains each of the essential elements of the offense." *Id.* at 24-25. The Court then continued the hearing to allow the United States and Galvan an additional opportunity to address an objection raised by Galvan. *Id.* at 37.

The Court conducted the continued portion of the hearing on February 27, 2019. (Crim. Dkt. 37 (minute entry); Crim. Dkt. 52 (transcript).) It overruled Galvan's objection, (Crim. Dkt. 52 at 30-32), and determined a guidelines sentencing range of 63 to 78 months' imprisonment. *Id.* at 33-34. The Court sentenced Galvan to 70 months' imprisonment and two years' supervised release. *Id.* at 45-49; Crim. Dkt. 38. It advised him of his right to appeal and informed him that "any notice of appeal must be filed within 14 days after written judgment is entered in your case." (Crim. Dkt. 52 at 50.)

The Court entered written judgment on March 1, 2019. (Crim. Dkt. 38.) Galvan did not file a notice of appeal, but he filed the instant Motion to Vacate, Set Aside, or Correct Sentence on August 26, 2019. (Crim. Dkt. 47.)

### III.  DISCUSSION

Galvan presents two issues in his § 2255 motion: (1) his conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the United States did not allege or prove that he knew he belonged to a category of individuals prohibited from possessing a firearm, and (2) counsel was ineffective for failing to file a notice of appeal as requested. (Dkt. 2.) Because it is undisputed that Galvan asked counsel to file a notice of appeal and counsel did not, the Court grants Galvan's § 2255 motion.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). "[W]hen

3

counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999).

Galvan asserts that he asked counsel to file a notice of appeal, (*see* Dkt. 2 at 7-8), and the United States cannot dispute that assertion. First, Galvan states that he asked counsel to file a notice of appeal, (Dkt. 2 at 7-8), and he signed his § 2255 motion under penalty of perjury, (Dkt. 1 at 12.) The United States recognizes that this "is the only evidence on record" because Galvan's counsel refused to provide an affidavit contradicting Galvan's claim. (Dkt. 13 at 9.)

Second, the Court finds unpersuasive the United States' argument that "there is some reason to doubt" that Galvan asked counsel to file a notice of appeal. (*See id.* at 9-10.) The United States contends that Galvan likely did not ask counsel to file a notice of appeal because Galvan sent two communications to the Court after judgment was entered and did not mention an appeal in either filing. *Id.* This argument is unpersuasive because both communications from Galvan occurred well after the time to file a notice of appeal expired. (*See* Crim. Dkt. 43 (received June 20, 2019) and Crim. Dkt. 45 (received July 29, 2019).) Also, in both communications, Galvan requested documents that could be used in a criminal appeal. His first communication requested a copy of the Indictment, the Petition to Enter a Plea of Guilty, the Judgment, and the docket sheet, (Crim. Dkt. 43); the second requested a copy of the sentencing transcript, (Crim. Dkt. 45). The timing and content of the two post-judgment communications from Galvan do not undermine or contradict his claim that he asked counsel to file a notice of appeal.

Because it is undisputed that Galvan instructed counsel to file a notice of appeal and counsel did not do so, Galvan must be given a new opportunity to appeal his conviction and sentence. *See Garza v. Idaho*, 139 S. Ct. 738, 749 (2019) ("When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new

opportunity to appeal.").  The Court will not address Galvan's *Rehaif* argument because he may present that claim on appeal.

## IV.  CONCLUSION

For the reasons explained in this Order, Galvan's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. [1], is **GRANTED to the extent** that Galvan may appeal his conviction and sentence in Case No. 1:18-cr-00031-TWP-TAB-1. The Motion is in all other respects **dismissed without prejudice**.  Judgment consistent with this Order shall now issue.

The **Clerk shall docket a copy of this Order in 1:18-cr-00031-TWP-TAB-1.** The **Clerk is also instructed to:** (1) terminate the Motion to Vacate at Crim. Dkt. [47]; (2) reissue the Judgment of March 1, 2019 at Crim. Dkt. [38]; and (3) file a notice of appeal on Galvan's behalf in that case.

**SO ORDERED.**

Date:  9/24/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov